IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MA ELENA RODRIGUEZ, § § § Movant, § § V. § NO. 4:20-CV-011-O § (NO. 4:17-CR-216-O) UNITED STATES OF AMERICA, § § Respondent. § | |

**OPINION AND ORDER**

Came on for consideration the motion of Ma Elena Rodriguez, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 4:17-CR-216-O, styled "United States v. Jennifer Louann Cherry, et al.," and applicable authorities, finds that the motion should be denied.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On October 18, 2017, movant was named along with others in a thirteen-count information charging her in count five with conspiracy to possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 846. CR Doc.[1] 247. Movant and her attorney signed a waiver of indictment. CR Doc. 271. They also signed a factual resume setting forth the penalties movant faced, the elements of the offense, and the stipulated facts establishing that movant had committed the offense. CR Doc. 272. On

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:17-CR-216-O.

October 25, 2017, movant entered a plea of guilty. CR Doc. 310. She and her attorney signed a notice of consent to administration of guilty plea and allocution by United States Magistrate Judge. CR Doc. 316.

At the arraignment, movant testified under oath that: She was able to understand the proceedings with the assistance of the court interpreter; she understood that she should never depend or rely upon any promise or statement by anyone as to what penalty would be assessed against her and that her plea must not be induced or prompted by any promises, pressure, threats, force, or coercion of any kind; she had discussed with her attorney the charges against her, the matter of sentencing, and how the sentencing guidelines might apply in her case; the Court would not be bound by the stipulated facts and could take into account other facts; the guideline range could not be determined until the presentence report ("PSR") had been completed; she committed the essential elements as set out in the factual resume; she was fully satisfied with the representation and advice she received from her attorney; no one had made any promise or assurance of any kind to her in an effort to induce her to enter a plea of guilty; no one had mentally, physically, or in any other way attempted to force her to plead guilty; she understood that her punishment would be not less than 5 years' or more than 40 years' imprisonment and that if the sentence she received was more severe than expected, she would still be bound by her plea and would not be able to withdraw it; and, all of the facts stated in her factual resume were true and correct. The magistrate judge found that the plea was knowing and voluntary. CR Doc. 670. He signed a report of action and recommendation finding that movant's plea was knowing and voluntary and recommending that it be accepted. CR Doc. 324. No objections were filed and the Court accepted the guilty plea. CR Doc. 382.

The probation officer prepared the PSR, which reflected that movant's base offense level was 30, as she was accountable for at least 1 kilogram, but less than 3 kilograms, of heroin. CR Doc. 414, ¶ 36. She received a two-level adjustment for being an organizer, leader, manager, or supervisor, having recruited her son to retrieve drug proceeds on her behalf. *Id.* ¶ 38. Based on a total offense level of 32 and a criminal history category of I, movant's guideline imprisonment range was 121 to 151 months. *Id.* ¶ 75. Movant filed objections to the PSR. CR Doc. 449. The probation officer prepared an addendum to the PSR, rejecting movant's objections. CR Doc. 486. The addendum pointed out that movant continued to falsely deny, or frivolously contest, relevant conduct, i.e., that she had recruited her son, and that she was not entitled to acceptance of responsibility. *Id.*

Sentencing was held on February 21, 2018. CR Doc. 621. Again, movant was provided the services of an interpreter. CR Doc. 671 at 2. Movant's attorney described movant's cooperation with the government and noted that he had cautioned her she would lose acceptance of responsibility if she continued to deny the involvement of her son. Nevertheless, movant told the government that her son never did anything with her and that he did not follow any directions from her. *Id.* at 3–4. The government pointed out that the son had confessed and pleaded guilty, admitting that he was sent by movant to collect drug proceeds and that is what he did. *Id.* at 4–5. The Court determined that movant had denied relevant conduct and should not be granted acceptance of responsibility. *Id.* at 6. The Court sentenced movant to a term of imprisonment of 120 months. *Id.* at 8; CR Doc. 631. Movant appealed. CR Doc. 643. Movant's attorney filed a motion to withdraw, CR Doc. 644, which was granted. CR Doc. 653. Her appellate attorney filed

a motion to withdraw and an *Anders*[2] brief. The appellate court denied the motion and ordered counsel to brief a particular issue. CR Doc. 721. That decision was reconsidered, movant's counsel was allowed to withdraw, and the appeal was dismissed. CR Doc. 726.

## II. GROUNDS OF THE MOTION

Movant asserts four grounds in support of her motion, worded as follows:

**GROUND ONE:** COUNSEL FAILED TO PROPERLY CONSULT WITH HER ON APPEAL

Doc.[3] 1 at PageID[4] 4.

**GROUND TWO:** LANGUAGE BARRIER AND FAILURE TO PROPERLY EXPLAIN CERTAIN ASPECTS OF HER CASE

*Id.* at PageID 5.

**GROUND THREE:** COUNSEL FAILED TO PROPERLY ARGUE THE GUIDELINE ENHANCEMENTS

*Id.* at PageID 6.

**GROUND FOUR:** DRUG QUANTITY ATTRIBUTED AT SENTENCING WAS IMPROPERY ARGUED AT SENTENCING

*Id.* at PageID 8.

In support of her motion, movant filed a separate memorandum. Doc. 2.

## III. APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152,

---

[2] *Anders v. California*, 386 U.S. 738 (1967).
[3] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[4] The "PageID __" reference is to the page number assigned by the Court's electronic filing system and is used because the type-written page numbers on the form used by movant are not the actual page numbers of the document.

164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751

(5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

In support of her first ground, movant argues that she received ineffective assistance from her appellate counsel, who did not discuss with her what issues should have been raised, but, instead, filed an *Anders* brief. Doc. 2 at 1–2. She says that "counsel failed to raise arguments in regards to her loss of acceptance, role enhancement, or the drug quantity that was objected to at sentencing." *Id.* at 2. She does not, however, spell out any particulars of these grounds or make any attempt to show that, but for counsel's unreasonable failure to file a merits brief, she would have prevailed on her appeal. *See Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). Because she cannot meet the *Strickland* test, she cannot prevail on this ground. *Id.*

In support of her second ground, movant says that she "does not believe that the translator gave counsel accurate information as far as she could understand." Doc. 1 at PageID 5. She surmises that this must be the case because there were instances in which counsel and the translator would speak, but nothing was relayed to movant. *Id.* Movant's unsupported speculation is

6

insufficient to raise a ground for relief. *See Koch v.* Puckett, 907 F.2d 524, 530 (5th Cir. 1990). Assuming movant is contending that her proceedings were somehow fundamentally unfair, *see United States v. Tapia*, 631 F.2d 1207, 1210 (5th Cir. 1980), this is an issue that could and should have been raised on direct appeal. *Davis*, 417 U.S. at 345. Movant has made no attempt to show both cause and prejudice for her failure to do so. *Bousley v. United States*, 523 U.S. 614, 622–23 (1998); *Shaid*, 937 F.2d at 232. Her speculation would be insufficient to satisfy the burden under *Strickland*. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992).

Movant alleges in her third ground that counsel failed to properly argue the guideline enhancements. Doc. 1 at PageID 6. As supporting facts, she says that she does not believe counsel "submitted the proper case law while determining if she applied for the loss of acceptance or the role enhancement." *Id.* In her memorandum, movant argues that counsel failed to inform her of the possible risk of loss of acceptance of responsibility. Doc. 2 at 2–3. As for the latter argument, the record reflects that counsel advised movant that she might lose acceptance of responsibility if she persisted in denying that she had involved her son in the transaction. CR Doc. 671 at 3–4. As movant herself admits, she "denied her son's involvement in an effort to keep him out of harm's way." Doc. 2 at 2. Her argument seems to be that her son would have done whatever she asked of him; therefore, there was no need to recruit him. *Id.* at 2–3. In other words, this technicality should free her from the adjustment as well as grant her acceptance of responsibility. Movant is of the opinion that her attorney should have provided case law to support this theory. She does not identify that case law, and the Court has no reason to believe that it exists. Movant's counsel cannot have been ineffective in persisting in the objections she insisted be made. *Shore v. Davis*, 845 F.3d 627, 633 (5th Cir. 2017).

7

In her final ground, movant urges that the drug quantity for which she was held responsible was improperly calculated. Doc. 1 at PageID 8. This ground could and should have been raised on appeal. Movant has not made any attempt to show cause and prejudice to be able to pursue it here. In any event, counsel did file an objection as to the calculation based on the money retrieved by movant's son. CR Doc. 449 at 2. The probation officer rejected the objection. CR Doc. 486. That counsel did not prevail does not mean that movant received ineffective assistance. *Dorsey v. Stephens*, 720 F.3d 309 (5th Cir. 2013); *Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983). The PSR shows how the drug quantity was determined.[5] CR Doc. 414, ¶¶ 27, 29–30. The Court was entitled to rely on the PSR in making its findings. *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). Movant has not shown that she could have prevailed at trial or on appeal.

## V. CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** this 24th day of February, 2021.

Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[5] The Court notes that even if the $5,000.00 had not been converted to 227 grams of heroin, movant would still have been held responsible for the kilogram she delivered. Her base offense level would have been the same.